F. T. POTTER v. THE STATE.

No. 15296. Delivered October 26, 1932.
Reported in 53 S. W. (2d) 787.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of antomobile; punishment, four years in the penitentiary.

Appellant rented an automobile at about 5 o'clock in the afternoon, signing an agreement that the use of the automobile was to be within the city limits of San Angelo. Appellant gave a name not his own, which he signed both to the rental contract and to a check then given. About 9 o'clock that night officers of Big Spring, Texas, some ninety-five miles from San Angelo, were on the lookout for the car upon information from San Angelo. They saw appellant in the car about ten miles from Big Spring, and from there to Big Spring were chasing him and trying to get him to stop, he going at a rate of speed variously estimated from forty-five to sixty-five miles an hour. In the city of Big Spring, appellant collided with two cars, ran through several red lights, and finally ran the car into a cement loading platform where it was completely wrecked. Appellant

got out of the wreck, ran, and was found concealed under some steps.

Appellant took the witness stand, and testified that he rented the car about 4:30 or 5 o'clock in the afternoon intending to go out and see a lady, but found out that she was not in town. He said he had business to attend to in Big Spring, so he concluded to go there, expecting to return that night. He had been released from the penitentiary of Texas three days before the day he rented this car. He said he took the officers who chased him from Foresands ten miles to Big Spring, to be hijackers; that he did not notice their uniform. At some prior time appellant said that he had been in a car wreck that injured his head and caused him to be unconscious for five hours, from the effect of which he had suffered very much since. Asked why he was hurrying through Big Spring so rapidly, if he was only going to see a party there, appellant said that he was in a daze, and could not tell much about it. He said he was going to Big Spring to see George Page. Mr. Page was a witness, and testified that he had never met appellant until the day before this trial; that appellant never came to his place in Big Spring that he knew of.

We find in the record three bills of exception. The first complains of the action of the trial court in sustaining the state's objection to a question propounded to appellant while on the witness stand. After stating that he stopped at a filling station between Sterling City and Big Spring on the occasion of his trip mentioned, he was asked the question, "To whom did you talk there?" To this the state objected, and the objection was sustained. There is nothing in the bill of exception showing what the answer of the witness would have been, nor what he was expected to state. It is said in the bill that "said testimony is admissible for the purpose of proving the intention of the defendant to come back to San Angelo with the car," but in the absence of a statement in the bill of exception as to what answer would have been made, it is impossible for us to appraise same or to arrive at the conclusion that the testimony would have been material.

The second bill of exception complains of the refusal of the court to permit a deputy sheriff to testify to a conversation had by him with a filling station operator in Sterling county, in which conversation said filling station operator told the deputy sheriff what appellant had said to him when he passed through his filling station. It is clear that this is hearsay testimony. The process of the court was available to appellant

98

to..procure any witnesses deemed necessary by him to present direct testimony upon any point deemed material for his defense. His failure to produce witnesses would not entitle him to put before the jury hearsay testimony as to what they said.

The third bill of exception complains of the refusal of the court to permit appellant to show that he had used diligence to obtain the testimony of Paul and Willard Robinson of Sterling county, Texas, by the introduction of a subpoena issued out of the clerk's office of Tom Green county on the 27th day of November, 1931, and returned on the 1st day of December, 1931, with the notation that Paul Robinson was not in Sterling county, and that Willard Robinson worked for a man named Cushing in Glasscock county. If appellant desired the presence of Paul and Willard Robinson it·was his duty to have procured timely service upon them of process, and, if they failed to appear, to make an application for a continuance until such time as the witnesses could have been obtained. We find no application for continuance in this record. The trial court properly sustained the objection to the introduction of a subpoena offered for the purpose stated in the bill of exception. Neither the trial court nor this court is allowed to set aside well-known and established rules of evidence and practice and overturn legal methods of procedure, however sympathetic either court may be with appellant's efforts to procure and produce facts deemed by him to be material. There is no further complaint in the record. No exception was taken to the court's charge, nor were any special charges asked.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*